**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50382 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00036-DOC-1 |
| v. | |
| ARMANDO GRANILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 5, 2015[**]
Pasadena, California

Before: O'SCANNLAIN, SILVERMAN, and WARDLAW, Circuit Judges.

Armando Granillo appeals his convictions for honest services fraud in violation of 18 U.S.C. §§ 1343, 1346. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

First, Granillo asserts that his trial counsel was ineffective in failing to subpoena a witness and then, when he learned a week and a half before trial that the witness would be unavailable, in failing to move for a continuance of the trial. However, we generally do not review ineffective assistance of counsel claims on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Only in two exceptional circumstances – "in the unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel" – will we review such a claim on direct appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005) (internal citations omitted), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). This case presents neither of those exceptional circumstances. The record is devoid of evidence regarding why trial counsel failed to subpoena the witness and instead made a decision to pursue a different defense. Of course, Granillo may develop this argument based on a more complete record in a motion under 28 U.S.C. § 2255.

Second, Granillo argues that the district court abused its discretion by denying his request, made on the day of trial, for a continuance of a week and a half. Evaluating the district court's decision using the four factors outlined in

*United States v. Flynt*, we conclude that the district court's denial of Granillo's motion was proper. 756 F.2d 1352, 1358-59 (9th Cir. 1985). Granillo's need for the continuance would have been met, had it been granted. However, he was plainly not diligent in seeking the witness's testimony or obtaining a continuance at the earliest possible juncture, and although the district court made no specific findings about the inconvenience to the court or government, it goes without saying that a day-of-trial request for continuance will involve some inconvenience. Finally, Granillo was at best slightly harmed by the inability to call his desired witness, given the evidence in the record that he was aware that his solicitation of kickbacks was wrongful and violated company policy. Weighing these factors together, it is clear that the district court did not abuse its discretion in denying the continuance. *Flynt*, 756 F.2d at 1358.

**AFFIRMED IN PART AND DISMISSED IN PART.**